UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-14059-CIV-MARTINEZ
MAGISTRATE JUDGE P.A. WHITE

LEWIS C. NEWSON,                    :

          Plaintiff,               :        REPORT OF
                                            MAGISTRATE JUDGE
v.                                 :

HIGHLANDS COUNTY JAIL, ET AL.,:

          Defendants.              :
_____    :


## I.   Introduction

On February 11, 2008, the plaintiff Lewis C. Newson filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE# 1].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.


## II.   Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*   *   *

(e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

\*   \*   \*

(B) the action or appeal –

\*   \*   \*

(i)  is frivolous or malicious;

(ii) fails to state a claim on which
relief may be granted; or

(iii) seeks monetary relief from a
defendant who is immune from such
relief.

A complaint is "frivolous under section 1915(e)"where it
lacks an arguable basis either in law or in fact." Neitzke v.
Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,
1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on
this ground should only be ordered when the legal theories are
"indisputably meritless," id., 490 U.S. at 327, or when the claims
rely on factual allegations that are "clearly baseless." Denton v.
Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state
a claim are governed by the same standard as Federal Rule of Civil
Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11
Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the
language of Federal Rule of Civil Procedure 12(b)(6)"). In order
to state a claim, a plaintiff must show that conduct under color of
state law, complained of in the civil rights suit, violated the
plaintiff's rights, privileges, or immunities under the
Constitution or laws of the United States. Arrington v. Cobb
County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff alleges that there is an "ongoing conspiracy" by officials at the Highlands County Jail to deprive inmates of their

money.  He claims that he is a victim of "double jeopardy" because he and other inmates are charged booking, subsistence and medical fees and high prices at the canteen despite the fact that the jail was built with inmate labor.  He also complains that the computerized system by which inmates order canteen items is designed to charge them too much money and to keep inmates' money without providing the merchandise.  He seeks an order directing the county to replace the computerized canteen system and "return of his lost funds."

The plaintiff has not raised any claims that may be litigated in a federal civil rights action.  The claims regarding the loss of his money are not cognizable in a federal lawsuit pursuant to §1983 but may be raised in a tort action under state law.  See Parratt v. Taylor, 451 U.S. 527, 544 (1981) (overruled in part not relevant here, by Daniels v. Williams, 474 U.S. 327, 330-31 (1986)); Baker v. McCollan, 443 U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). In Parratt v. Taylor, supra, the United States Supreme Court held that a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise under 42 U.S.C. §1983 to a procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy. After the ruling in Daniels, supra, which in part overruled Parratt, the Court of Appeals for this Circuit has held, in the context of a §1983 action involving an arrest-related seizure and retention of property (a vehicle, cash, and jewelry), that where the plaintiffs had adequate postdeprivation remedies, no procedural due process violation had occurred, whether or not forfeiture proceedings were ever initiated. Lindsey v. Storey, 936 F.2d 554, 561 (11 Cir. 1991) (citing Parratt v. Taylor and Hudson v. Palmer, supra).

4

The State of Florida has provided a tort claims procedure which may be utilized to recover damages for property losses. Fla.Stat. §768.28 (1987). This procedure is available to inmates in the Florida Department of Corrections and in county jail facilities. West v. Wainwright, 380 So.2d 1338 (Fla. 1 Dist. 1980); White v. Palm Beach County, 404 So.2d 123 (1981). Thus, unless the deprivation of property has occurred as the result of an established unlawful state procedure, the existence of the state remedy precludes the availability of §l983 relief for negligent or intentional deprivation of personal property. Hudson v. Palmer, Parratt v. Taylor, and Lindsey v. Storey, supra.

Further, the plaintiff has failed to raise a claim under 42 U.S.C. §1985. This statute has three subparts: (1) Preventing officer from performing duties; (2) Obstructing justice; intimidating party, witness, or juror; and (3) Depriving persons of rights or privileges. The Court presumes that the plaintiff's claims are made pursuant to 42 U.S.C. §1985(3). The Supreme Court has identified the elements of a §1985(3) claim as "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." United Bhd. of Carpenters & Joiners of Am. v. Scott, 463 U.S. 825, 828-29 (1983). Furthermore, in order to maintain a claim under §1985(3), a plaintiff must show that the defendants were motivated by racial or class-based "invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Burrell v. Board of Trustees of Ga. Mil. C., 970 F.2d 785, 793-94 (11 Cir. 1992) (stating elements of a claim and noting that the intent requirement of §1985(3) "erects a significant hurdle for . . . plaintiffs").

5

In this case, the plaintiff has not come forward with any evidence or argument that he is a member of a protected class or that the defendants' acts were motivated by racial or class-based "invidiously discriminatory animus." The plaintiff, therefore, has failed to state a claim for relief based on 42 U.S.C. §1985(3).

The plaintiff cannot raise a claim that his constitutional right to be free from double jeopardy has been violated, as this right concerns the initiation of multiple criminal proceedings and is completely inapposite and inapplicable to the claims raised in this complaint.

Finally, any claims concerning the collection of fees or high canteen prices are subject to dismissal. The Florida legislature has enacted statutes authorizing the assessment of certain costs against prisoners. Specifically, Sections 951.032 and 951.033, Florida Statutes, permit county and municipal detention facilities to recover the subsistence costs and medical expenses incurred by prisoners. The plaintiff does not challenge the constitutionality of the Florida statutes, but rather challenges the application of the statute to him. See Cruz v. Aladro, 129 Fed. Appx. 549 (11 Cir. 2005).

Regardless of whether the plaintiff is a prisoner, he has a protected property interest in any funds deposited into his account and cannot be deprived of those funds without due process of law. See Gillihan v. Shillinger, 872 F.2d 935, 938 (10 Cir. 1989). The plaintiff's due process rights, however, are intact since he is able to challenge any charges assessed against his account by filing a grievance. See Solomos v. Jenne, 776 So.2d 953 (Fla. 4th DCA 2000), reh'g denied (Feb. 1, 2001). Moreover, the plaintiff has not alleged that Florida law has provided an inadequate post-

deprivation remedy.  "Before seeking a remedy for an alleged due process violation in federal court, a plaintiff is obliged to avail itself of state remedies or show that the state deprived it of redress."   T & A Utilities v. City of Panama City, No. 5:96CV97/SMN, 1997 WL 151045, *4, 10 Fla. L. Weekly Fed. D. 484 (N.D.Fla. 1997) (citing Tinney v. Shores, 77 F .3d 378, 382 (11 Cir. 1996); McKinney v. Pate, 20 F.3d 1550, 1557 (11 Cir. 1994), cert. denied, 513 U.S. 1110 (1995) (footnote omitted)).  Further, the plaintiff has not alleged any facts supporting a claim under any other constitutional amendments.

There is no constitutional right of access to a prison gift or snack shop.  Tokar v. Armontrout, 97 F.3d 1078, 1083 (8 Cir. 1996). The plaintiff does not allege that he was denied any necessities during his confinement or that he was forced to purchase any items from the canteen.  The plaintiff has thus failed to establish of claim under §1983.

These allegations relating to the withdrawal of fees and canteen prices are thus subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a constitutional claim upon which relief may be granted.

### III.  Conclusion

Based on the foregoing, it is recommended that the Complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted and the case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 9th day of March, 2009.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Lewis C. Newson, <u>Pro Se</u>
     No.  050154051
     Highlands County Jail
     434 Fernleaf Avenue
     Sebring, FL 33870-3720