UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division
**Case Number:09-14059-CIV-MARTINEZ-WHITE**

LEWIS NEWSON,
    Plaintiff,

vs.

HIGHLANDS COUNTY JAIL, et. al.,
    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORT
## AND CLOSING CASE

THE MATTER was referred to the Honorable Patrick A. White, United States Magistrate Judge for a Report on Plaintiff's *pro se* civil rights complaint. The Magistrate Judge filed a Report, recommending that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim upon which relief can be granted. Instead of filing objections to this Report, Plaintiff has filed a Motion to Amend and Supplement Complaint and Clarification of Claims (D.E. No. 7). The Court has made a *de novo* review of the issues that the Plaintiff raises in his Motion to Amend and Supplement Complaint and Clarification of Claims, which the Court has construed as his objections and being otherwise fully advised in the premises, the Court affirms and adopts Magistrate Judge White's Report.

Plaintiff filed a complaint alleging violations of 42 U.S.C. § 1985. Specifically, in Plaintiff's complaint he alleged that there is an "ongoing conspiracy" at the Highlands County Jail to deprive inmates of their money, citing different charges inmates incur for being booked into jail and obtaining medical assistance while in jail. Plaintiff also alleges that items and services inmates pay for are often overpriced. In addition, Plaintiff has included a claim he labels as

"double jeopardy" because of the charges they incur in jail.  He also argues that the computerized system by which inmates order canteen items charges them too much money and often keeps their money without providing them their merchandise.  Magistrate Judge White has recommended that these claims be dismissed for failure to state a claim.

Magistrate Judge White correctly found that the claims relating to the loss of Plaintiff's money are not cognizable under either 42 U.S.C. § 1983 or 42 U.S.C. § 1985 and that the Florida legislature has enacted statutes authorizing the assessment of costs against prisoners.  *See* (D.E. No. 6 at 6).  Magistrate Judge White also correctly found that plaintiff cannot raise a claim based on double jeopardy "as this right concerns the initiation of multiple criminal proceedings and is completely inapposite and inapplicable to the claims raised in this complaint."  *Id*.

Plaintiff has now filed his Motion to Amend and Supplement Complaint and Clarification of Claims (D.E. No. 7), which this Court construes as Plaintiff's objections.  In this filing, Plaintiff alleges again that it is double jeopardy for him to be charged certain fees for services and items he buys in jail.  This issue is thoroughly addressed in Magistrate Judge White's well-reasoned Report.  See (D.E. No. 6 at 6).  Thus, for the reasons stated in Magistrate Judge White's Report, the Court finds this claim is without merit.

In addition, Plaintiff now alleges that the imposition of these charges violates the Eighth Amendment's prohibition against excessive fines and cruel and unusual punishment.  The Court also finds these allegations fail to state a claim.  In order to demonstrate that the charges imposed upon inmates are "excessive fines," Plaintiff would have to allege that the charges imposed upon the inmates were fines and that such fines were excessive.  *See United States v. 817 N.E. 29th Drive, Wilton Manors, Fla*., 175 F. 3d 1304, 1309 (11th Cir. 1999).  Plaintiff has not met either

of these requirements.

The Court also finds that the imposition of these charges are not cruel and unusual punishment in violation of the Eighth Amendment. "In recognizing the Eighth Amendment's prohibition on the infliction of 'cruel and unusual punishments,' the Supreme Court has forged two kinds of prisoner cases that are actionable: complaints regarding conditions of confinement and complaints of an excessive use of force." *Wilson v. Silcox*, 151 F. Supp. 2d 1345, 1352 (N.D. Fla. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825 (1994); *Whitley v. Albers*, 475 U.S. 312 (1986); *Estelle v. Gamble*, 429 U.S. 97 (1976)). There are no allegations of excessive force in this case, and in order to demonstrate cruel and unusual punishment with regard to his conditions of confinement, Plaintiff would have to show that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Here, Plaintiff's allegations relating to charges imposed on inmates do not rise to this level.

Plaintiff also now alleges that these charges are a deprivation of his personal property in violation of his substantive and procedural due process rights under both the Florida and Federal Constitution.[1] "The substantive component of the Due Process Clause protects those rights that are 'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'" *McKinney v. Pate*, 20 F. 3d 1550, 1556 (11th Cir. 1994) (quoting *Palko v. Connecticut*, 302 U.S. 319, 325

---

[1] Both claims are analyzed the same under either Florida or Federal law, and thus, the Court discusses only Federal law above. *See Modern, Inc. v. Fla. Dep't of Transp.*, 381 F. Supp. 2d 1331, 1346 n. 26 (M.D. Fla. 2004) ("Under the Florida Constitution, the . . . due process standards are the same as the federal standards.").

(1937)). "[A]reas in which substantive rights are created only by state law (as in the case with tort law . . .) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *McKinney*, 20 F. 3d at 1556 (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229 (1985) (Powell J., concurring)). No fundamental rights are implicated in this case. *See* (D.E. No. 6 at 4-5) (stating that "Florida has provided a tort claims procedure which may be utilized to recover damages for property losses."). With regard to a claim that there has been a violation of Plaintiff's procedural due process rights, the Court finds that Magistrate Judge White has already thoroughly discussed this matter in his well-reasoned Report, and this Court adopts the analysis of this issue contained within the Report. *Id*. Accordingly, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report **(D.E. No. 6)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. This Case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

2. This case is **CLOSED** and all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of May, 2009.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
Lewis C. Newson